# IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**CARMEL BARKER,**

    **Plaintiff,**

v.

                          Civil Action No. _____
                          Honorable _____

**STATE FARM FIRE AND**
**CASUALTY COMPANY;**
**RICHARD "RICK" DEAN**
**KUNDEE; and**
**ARYALE CANNON,**

    **Defendants.**

## PLAINTIFF'S COMPLAINT

COMES NOW the Plaintiff, Carmel Barker ("Barker") who for his Complaint against State Farm Fire and Casualty Company ("State Farm"), Richard "Rick" Dean Kundee ("Kundee") and Aryale Cannon ("Cannon") (together the "State Farm Defendants") states as follows:

## COMMON ALLEGATIONS

1. Carmel Barker is, at all times relevant to this Complaint, a resident of Boone County, West Virginia and the owner of the residential home located at 54 Elvis Lane, Ashford, Boone County, West Virginia.

2. Upon information and belief, Defendant State Farm Fire and Casualty Company ("State Farm") is an Illinois Corporation, with its principal place of business at One State Farm Plaza, Bloomington, Illinois. State Farm does business in the State of West Virginia, including selling policies and insuring real property in Kanawha County, West Virginia.

3. Upon information and belief, Defendant Kundee was at all times relevant to this Complaint employed as a claims specialist by Defendant State Farm.

4. Upon information and belief, Defendant Cannon was at all times relevant to this Complaint employed as a claims specialist by Defendant State Farm.

5. As Defendants Kundee and Cannon were employees of Defendant State Farm at all relevant times, Defendant State Farm is chargeable with Defendant Kundee and Defendant Cannon's conduct under the legal and equitable doctrines of vicarious liability, specifically including, but not limited to the doctrines of employer/employee, master/servant, principle/agent, non-delegable duty, respondeat superior, and/or insurance regulatory law.

6. Pursuant to W.Va. Code § 56-1-1(a)(1), jurisdiction and venue are proper in the Circuit Court of Kanawha County, West Virginia, inasmuch as Defendant State Farm does business in Kanawha County, West Virginia, and is engaged in the business of insurance in Kanawha County, West Virginia.

7. At all relevant times, each of the Defendants were engaged in the business of insurance in the State of West Virginia, as defined by Chapter 33 of the West Virginia Code, and were subject to the laws of West Virginia, and the Rules and Regulations adopted and promulgated by the West Virginia Insurance Commissioner.

8. At all relevant times, Plaintiff was the owner of the home located at 54 Elvis Lane, Ashford, West Virginia.

9. At all times relevant to this Complaint, Plaintiff's property at 54 Elvis Lane, Ashford, WV was insured under State Farm Policy No. 97-BM-U026-9, with relevant effective dates from January 22, 2024 to January 22, 2025 (the "54 Elvis Lane Policy").

10. The 54 Elvis Lane Policy provided Coverage A – Dwelling limits of $136,100.00 and Dwelling Extension up to $13,610.00, Coverage B – Personal Property limits of $6,805.00, and Coverage C – Loss of Rents – Actual Loss.

11. All premiums were paid for the 54 Elvis Lane Policy by Plaintiff as due to Defendant State Farm, and Plaintiff complied with all of the other material terms, conditions, and requirements of the 54 Elvis Lane Policy.

12. On or about April 2, 2024, Plaintiff's Property at 54 Elvis Lane was damaged when a large tree was blown down onto his home during a windstorm. (the "Loss"). Specifically, as a result of the tree falling, the home sustained damage to the roof, roof framing, rafters, damage to the structural wall framing in the area of impact extending into the attic roof framing, damage to vinyl siding, damage to the bedroom area in the rear southwest corner of the home, and there was severe water intrusion.

13. Following the Loss, Plaintiff provided State Farm with timely notification of the Loss and of his claim for damages, and Claim No. 48-65L3-17D was opened by State Farm.

14. Upon information and belief, Defendant State Farm initially assigned Plaintiff's claim arising from the Loss to Defendant Kundee for investigation and handling.

15. Defendant State Farm and Defendant Kundee had Plaintiff's property inspected, took photos of the property, and prepared a repair estimate, which reflects that the property was inspected on or about May 9, 2024.

16. On or about May 9, 2024, Defendant State Farm paid Plaintiff $6,360.00 for this Loss.

17. On or about May 29, 2024, Defendants State Farm and Cannon partially denied Plaintiff's claim through a partial denial letter.

18. Plaintiff's partial denial letter was improper in that it contended that the Plaintiff had failed to make reasonable and necessary repairs.

19. On or about August 23, 2024, Defendant State Farm and Defendant Kundee had the property inspected by Forcon International, who later prepared an "Evaluation of Claimed Distresses."

20. Based upon documentation received from State Farm, State Farm has viewed the damage to the subject property at least two times and has prepared at least two documents/reports outlining the damage to Plaintiff's property at 54 Elvis Lane.

21. Despite viewing the property at least two times, and despite the preparation of two documents/reports outlining damages, the State Farm Defendants have not properly considered all of the damage to Plaintiff's property at 54 Elvis Lane.

22. Additionally, State Farm tendered payment of $14,751.41 based on the amount of damage it contended occurred to the property, an amount that is inadequate to repair his property.

23. Defendant State Farm and Cannon's estimate and payments are inadequate to repair the damage to Plaintiff's property.

24. The "Evaluation of Claimed Distresses" prepared at the request of Defendants State Farm and Kundee does not properly consider all damage to Plaintiff's property.

25. Plaintiff informed the State Farm Defendants that the estimate and payment was inadequate to repair the damage to his property, and improperly placed the burden on the Plaintiff to ascertain the cost of repairs State Farm deemed were necessary for this Loss.

26. The Plaintiff and his representative have made attempts to have the home repaired based on the amount State Farm deemed were the damages to his home but have not been successful as the amount State Farm deemed applicable to this Loss was inadequate to cover the extent of the damage to this property.

27. Additionally, the Plaintiff and his representative told the State Farm Defendants that an engineer was necessary to indicate the home was structurally safe for entry before contractors would consider providing estimates, however State Farm denied said requests, which further improperly delayed the Plaintiff from being able to perform repairs.

28. Upon information and belief, the State Farm Defendants closed Plaintiff's claim while waiting for information and documents from Plaintiff, and additionally closed the claim despite Plaintiff's request to have an engineer inspect the home. This occurred despite the State Farm Defendants having an obligation to investigate and handle Plaintiff's claim under West Virginia law.

29. The State Farm Defendants failed and refused to pay Plaintiff for the full cost of repairing his property, leaving the Plaintiff without sufficient funds necessary to repair his property.

30. The State Farm Defendants have not advised the Plaintiff as to all coverages that may be applicable to this claim, including but not limited to the applicability of Coverage C for this claim.

31. The State Farm Defendants actions have caused Plaintiff substantial emotional stress and mental anguish.

32. Under the terms of the Policy and the law of West Virginia, Defendant State Farm was, and has been, obligated to pay the full cost of repairs and money owed under the policy for the damage to Plaintiff's property resulting from the subject Loss.

33. Plaintiff submitted a timely claim to Defendant State Farm for settlement of his claims.

34. The State Farm Defendants failed to conduct a thorough, fair, and objective investigation of Plaintiff's claims and the coverage available to Plaintiff in connection with his Loss.

35. The State Farm Defendants failed to acknowledge and act promptly upon communications from Plaintiff regarding his claims.

36. Defendant State Farm failed to adopt and implement reasonable standards for the prompt investigation of claims and refused to pay the amount owed to Plaintiff without conducting a reasonable investigation based upon all available information.

37. Defendant State Farm failed to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim when State Farm's liability to Plaintiff was reasonably clear, in violation of W.Va. Code §33-11-4(9)(f).

38. The State Farm Defendants have forced Plaintiff to institute litigation to recover the amounts due to him under his property.

39. The State Farm Defendants failed to properly adjust, handle, and timely pay Plaintiff's claim for benefits due and owing under the Policy, which has caused Plaintiff significant economic and non-economic damages.

40. Due to Defendants' actions, Plaintiff has sustained damages, including the Loss of the insurance proceeds to which he is entitled; the costs of repairing or replacing the damaged property for which coverage should have been afforded by Defendant State Farm; loss of rental income; economic loss and lost interest; the attorney fees and litigation expenses associated with pursuing this civil action; and other economic and non-economic damages arising from Defendants' conduct.

## Count I - Breach of Contract (State Farm)

41. Plaintiff hereby restates and re-alleges, as though fully incorporated into Count I, each and every allegation contained in Paragraphs 1 through 40 of his Complaint.

42. Pursuant to the terms of the State Farm Policy, Defendant State Farm is obligated to pay benefits to Plaintiff for the damage to and loss of the subject property.

43. Defendant State Farm's refusal to pay Plaintiff for the total amount of damage to the subject property constitutes a breach of the terms of Defendant State Farm's Policies and its' contractual duties to Plaintiff.

44. As a direct and proximate result of Defendant State Farm's breach of its duties and allegations under the Policies, Plaintiff has sustained damages, including the loss of the insurance proceeds to which he is entitled; the cost of repairing or replacing the damaged property for which coverage should have been afforded by Defendant State Farm; loss of rental income; the consequential damages flowing from Defendant State Farm's breach, such as continued damage to the roof, framing, siding, flooring, etc.; economic loss and lost interest; the attorney fees and litigation expenses associated with pursuing this civil action; and other economic and non-economic damages arising from the conduct of Defendant State Farm.

## Count II - Common-Law "Bad Faith" (State Farm)

45. Plaintiff hereby restates and re-alleges, as though fully incorporated into Count II, each and every allegation contained in Paragraphs 1 through 44 of his Complaint.

46. Through its actions described herein and its refusal to pay Plaintiff for the total cost to repair the damages to the subject property, Defendant State Farm breached its common-law duty of good faith and fair dealing to the Plaintiff, such that its conduct amounts to "common-law bad faith."

47. In particular, through its actions, delay, and its refusal to pay Plaintiff for the total damage to his property, Defendant State Farm breached its duty of good faith in the following particulars:

- a) By failing to conduct an adequate, timely and thorough investigation to determine the policy benefits due and owing to Plaintiff in connection with the damage to and loss of the subject property;

- b) By failing to advise the Plaintiff of all coverages that may be applicable to his claim;

- c) By failing to conduct complete inspections of the 54 Elvis Lane property to determine the damage thereto;

- d) By refusing to pay applicable policy benefits without a factual or legal basis;

- e) By closing his claim improperly and prematurely; and

- f) By favoring its own interests over the interests of its insured.

48. As a direct and proximate result of Defendant State Farm's "bad faith" and its breach of its common law duty of good faith and fair dealing, Plaintiff is entitled to recover from Defendant State Farm his economic and non-economic damages outlined herein, including the attorney's fees and the costs he has incurred and will incur as a result of Defendant State Farm's conduct.

49. As Defendant State Farm acted with intent and knowingly, with actual malice, Plaintiff is entitled to an award of punitive damages against Defendant State Farm.

### Count III - Unfair Trade Practices (the State Farm Defendants)

50. Plaintiff hereby restates and re-alleges, as though fully incorporated into Count III, each and every allegation contained in Paragraphs 1 through 49 of his Complaint.

51. Defendant State Farm had adequate notice of Plaintiff's claims and had adequate time to investigate any insurance coverage issues and was not in any way prejudiced by the timeliness or lack of timeliness of notification of Plaintiff's claims.

52. At all times relevant herein, the State Farm Defendants delayed payment of Plaintiff's claim and failed to conduct a prompt and reasonable investigation based on all available information, thereby violating applicable consumer protection statutes and regulations, including W.Va. Code §33-11-4(9)(c) and W.Va. Code §33-11-4(9)(d).

53. In particular, the State Farm Defendants failed to properly investigate the losses to the 54 Elvis Lane property, the damages caused by the storm, and the coverages available under his Policies.

54. At all times relevant herein, Defendant State Farm refused to effectuate a prompt, fair and equitable settlement of Plaintiff's claim by refusing to pay the full cost of repairing Plaintiff's dwelling, despite the fact that State Farm's liability was reasonably clear, thereby violating applicable consumer protection statutes and regulations, including W.Va. Code §33-11-4(9)(f).

55. At all times relevant herein, the State Farm Defendants misrepresented pertinent facts concerning Plaintiff's insurance claims, thereby violating applicable consumer protection statutes and regulations, including W.Va. Code § 33-11-4(9)(a).

56. In particular, Defendants Cannon and Kundee misrepresented the extent of the damages to Plaintiff's property, and State Farm's duties to investigate damages under West Virginia law.

57. In particular, despite the claimant and/or claimant's representative requesting an inspection by an engineer, the State Farm Defendants closed the claim, despite knowing there was a dispute as to the amount and extent of damage caused by the storm to Plaintiff's property, even

though no authority existed under the Policy or West Virginia law to "close" Plaintiff's valid claims.

58. In particular and upon information and belief, despite Defendant Cannon disclosing to the Plaintiff and his representative that she believed the home should be inspected by a structural engineer, the State Farm Defendants closed the claim, despite State Farm's knowledge, through Defendant Cannon, that Cannon believed an engineering inspection may be needed as part of the subject claim.

59. Plaintiff's request for an engineering inspection was later determined to be necessary by State Farm, yet this did not occur until after State Farm had improperly closed this claim.

60. Through their refusal to pay Plaintiff's valid claims the State Farm Defendants compelled Plaintiff to retain counsel and to institute this action in order to recover amounts due to Plaintiff under the State Farm Policy, thereby violating applicable consumer protection statutes and regulations, including W.Va. Code §33-11-4(9)(g).

61. The State Farm Defendants' conduct, as described hereinabove, is part of a general business practice and constitutes unfair claims settlement practices under applicable consumer protection statutes and regulations.

62. In particular, the violations of the State Farm Defendants of the above-referenced statutory provisions in connection with Plaintiff's claims demonstrate a pattern and practice of violating the Unfair Trade Practices Act by the State Farm Defendants as opposed to an isolated incident.

63. As a direct and proximate result of the State Farm Defendants' violations of applicable consumer protection statutes, Plaintiff has suffered annoyance, inconvenience, aggravation and emotional distress, and has been forced to incur attorney's fees and costs associated with pursuing

his claims and instituting the present action in order to recover the insurance proceeds owed to him by Defendant State Farm.

64. This Court has jurisdiction over this action against the State Farm Defendants for their violations of West Virginia's consumer protection statutes and regulations, and Plaintiff is entitled to an award of damages for his legal fees and costs, net economic losses and other damages pursuant to said cause of action.

65. From their initial notification of Plaintiff's claims, the State Farm Defendants have acted willfully, intentionally and maliciously, predetermined to delay and deny payment of the applicable insurance benefits due and owing to Plaintiff under the State Farm Policies.

66. At all times relevant herein, the State Farm Defendants acted with the deliberate and malicious intent to injure and harm Plaintiff, in violation of Defendant State Farm's duties under the State Farm Policy and the State Farm Defendants' duties under the Unfair Trade Practices Act, as described hereinabove, all of which has proximately caused continuing economic and non-economic damages to Plaintiff and all of which warrants and commands an award of punitive damages against the State Farm Defendants.

**WHEREFORE**, the Plaintiff demands judgment against Defendants State Farm, Kundee, and Cannon as follows:

- a) An award of compensatory damages in an amount in excess of this Court's jurisdictional limits, as proven by the evidence at trial, in connection with the damages, attorney fees and costs and net economic losses of Plaintiff, sustained as a result of Defendant State Farm's breach of contract;

- b) An award of compensatory damages in an amount in excess of this Court's jurisdictional limits, as proven by the evidence at trial, in connection with the damages, attorney fees and cost and net economic losses of Plaintiff, sustained as a result of Defendant State Farm's common law bad faith and its breach of its duty of good faith and fair dealing to Plaintiff;

c) An award of compensatory damages in an amount in excess of this Court's jurisdictional limits, as proven by the evidence at trial, in connection with the damages, attorney fees and costs and net economic losses of Plaintiff, sustained as a result of the actions of the State Farm Defendants in violating the Unfair Trade Practices Act as business practice;

d) An award of punitive damages against Defendant State Farm in connection with its actual malice, bad faith and its breach of its duty of good faith and fair dealing, in connection with its handling of the Plaintiff's claim for damage to and loss of the Property;

e) An award of punitive damages against the State Farm Defendants in connection with their actual malice in violating the Unfair Trade Practices Act as business practice in the handling of the Plaintiff's claim for damage to and loss of Property; and

f) Last an award of such further and additional relief as the Court and/or jury deems just and proper in connection with the Plaintiff's claim.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

**CARMEL BARKER,**

**By counsel,**

/s/ Robert V. Berthold, III
Robert V. Berthold, Jr. (WVSB #326)
Robert V. Berthold, III (WVSB #11065)
**Berthold Law Firm, PLLC**
P.O. Box 3508
Charleston, WV 25335
*Office:* (304) 345-5700
*Fax:* (304) 345-5703
rvb@bertholdlaw.com
rvb3@bertholdlaw.com



West Virginia E-Filing Notice

CC-20-2025-C-448

Judge: Tera Salango

**To:** Robert Berthold
rvb@bertholdlaw.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

Carmel Barker v. State Farm Fire And Casualty Company

CC-20-2025-C-448

The following complaintwas FILED on 4/3/2025 2:31:35 PM

Notice Date: 4/3/2025 2:31:35 PM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440



West Virginia E-Filing Notice

CC-20-2025-C-448

Judge: Tera Salango

**To:** Richard D. Kundee
2817 Dunbar Drive
McKinney, TX 75072

# NOTICE OF FILING

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
Carmel Barker v. State Farm Fire And Casualty Company
CC-20-2025-C-448

The following complaintwas FILED on 4/3/2025 2:31:35 PM

Notice Date:   4/3/2025 2:31:35 PM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440



West Virginia E-Filing Notice

CC-20-2025-C-448

Judge: Tera Salango

**To:** Aryale Cannon
26 Lee Ave
Apt 102
Takoma Park, MD 20912

# NOTICE OF FILING

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
Carmel Barker v. State Farm Fire And Casualty Company
CC-20-2025-C-448

The following complaintwas FILED on 4/3/2025 2:31:35 PM

Notice Date:   4/3/2025 2:31:35 PM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440



West Virginia E-Filing Notice

CC-20-2025-C-448

Judge: Tera Salango

**To:** State Farm Fire And Casualty Company
c/o Corporation Service Company
808 Greenbrier Street
Charleston, WV 25311

# NOTICE OF FILING

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

Carmel Barker v. State Farm Fire And Casualty Company

CC-20-2025-C-448

The following complaintwas FILED on 4/3/2025 2:31:35 PM

Notice Date:    4/3/2025 2:31:35 PM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440



West Virginia E-Filing Notice

CC-20-2025-C-448

Judge: Tera Salango

**To:** Robert V. Berthold, III
rvb3@bertholdlaw.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
Carmel Barker v. State Farm Fire And Casualty Company
CC-20-2025-C-448

The following complaintwas FILED on 4/3/2025 2:31:35 PM

Notice Date: 4/3/2025 2:31:35 PM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Kris Warner**
Secretary of State
State of West Virginia
Phone: 304-558-6000
886-767-8683
Visit us online:
www.wvsos.com

CLERK OF KANAWHA COUNTY CIRCUIT COURT
PO BOX 2351
Charleston, WV 25328-2351

**Control Number:** 338778
**Defendant:** STATE FARM FIRE AND CASUALTY COMPANY
808 GREENBRIER STREET
Charleston, WV 25311 US

**Agent:** Corporation Service Company
**County:** Kanawha
**Civil Action:** 25-C-448
**Certified Number:** 92148901125134100004237832
**Service Date:** 4/8/2025

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your authorized insurance company.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your authorized insurance company as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office.***

Sincerely,

Kris Warner
Secretary of State




# SUMMONS

E-FILED | 4/3/2025 2:31 PM
CC-20-2025-C-448
Kanawha County Circuit Clerk
Cathy S. Gatson

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
### Carmel Barker v. State Farm Fire And Casualty Company

Service Type:    Secretary of State - Certified - Including Copy Fee

NOTICE TO:    State Farm Fire And Casualty Company, c/o Corporation Service Company, 808 Greenbrier Street, Charleston, WV 25311

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Robert Berthold, PO Box 3508, , Charleston, WV 25335

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

4/3/2025 2:31:35 PM    /s/ Cathy S. Gatson
Date                             Clerk

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling or usual place of abode to _____, someone who is eighteen (18) years of age or above and resides there.

☐ Not Found in Bailiwick

_____    _____
Date                             Server's Signature





West Virginia E-Filing Notice

CC-20-2025-C-448

Judge: Tera Salango

To: State Farm Fire And Casualty Company
c/o Corporation Service Company
808 Greenbrier Street
Charleston, WV 25311

# NOTICE OF FILING

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
Carmel Barker v. State Farm Fire And Casualty Company
CC-20-2025-C-448

The following complaintwas FILED on 4/3/2025 2:31:35 PM

Notice Date:   4/3/2025 2:31:35 PM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440